UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YISMARY DIAZ CUELLAR, as Personal Representative
of the Estate of JORGE DIAZ CORRALES, Deceased,

    Plaintiff,

v.                                                                                Cause No.

ALEXIS SANTIAGO ABRAMS, ROWDY TRANSPORT LLC,
D/B/A ROWDY RESOURCES a foreign profit corporation,
HUDSON INSURANCE GROUP a foreign profit corporation,
and REDPOINT COUNTY MUTUAL INSURANCE CO.,
a foreign profit corporation.

    Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1445, Defendants Alexis Santiago Abrams, Rowdy Transport LLC, d/b/a Rowdy Resources, Hudson Insurance Group, and Redpoint County Mutual Insurance Co. (jointly "Defendants"), seek to remove the above-captioned action from the Fifth Judicial District Court for the State of New Mexico, County of Lea, to the United States District Court for the District of New Mexico, and as grounds therefore states as follows:

### GROUNDS FOR REMOVAL – DIVERSITY

1. Defendants are named Defendants in the civil action Cause No. D-506-CV-2021-00815, filed by Plaintiff Yismary Diaz Cuellar, as Personal Representative of the Estate of Jorge Diaz Corrales, Deceased ("Plaintiff") in the Fifth Judicial District Court for the State of New Mexico (the "State Court Action").

2. The Complaint in the State Court Action was filed with the Clerk of the State of the Fifth Judicial District Court on September 8, 2021. A true and correct copy of Plaintiff's Complaint is attached as **Exhibit A**.

3.  A copy of the Complaint in the State Court Action was sent to undersigned counsel on September 8, 2021.

4.  This Notice is being filed with this Court within thirty (30) days after Defendants received a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

5.  Defendants have not been officially served a copy of the Complaint. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants in the State Court Action is attached hereto as **Exhibit B**.

6.  This Court is the proper district court for removal because the State Court Action is pending within this district.

7.  Generally, this case involves Plaintiff's claims for damages stemming from the trucking accident involving Jorge Diaz Corrales, deceased. This action has been brought pursuant to the New Mexico Wrongful Death Statute NMSA §§ 41-2-1, *et. seq*.

8.  As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

**DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

9.  Defendants were sent a copy of the Complaint on September 8, 2021. Defendants, pursuant to 28 U.S.C. §§ 1446(b), timely file this Notice of Removal. Defendants file this Notice of Removal in lieu of filing an Answer in the Fifth Judicial District Court, County of Lea, State of New Mexico, under the New Mexico Rules of Civil Procedure.

10. Pursuant to 28 U.S.C. § 1445(a) and D.N.M. LR-Civ. 81.1(a), copies of all process, pleadings, orders, and other papers served upon Defendants in the State Court Action are attached as Exhibits A and B.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 89(c) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest, and this is between citizens of different states.

13. No previous application has been made for the relief requested herein.

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served upon counsel for Plaintiff and a copy will be filed with the Clerk of the Court for the Fifth Judicial District Court for the State of New Mexico.

## THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

15. Plaintiff is a resident of Florida. *See* Exhibit A.

16. Defendant Alexis Santiago Abrams is a resident of Kansas. *Id*.

17. Defendant Hudson Insurance Group is a foreign corporation domiciled in Delaware, with a principal place of business in New York, and is not a citizen of the State of New Mexico for diversity purposes pursuant to 28 U.S.C. § 1332(c)(1).

18. Defendant Redpoint County Mutual Insurance Group is a foreign corporation domiciled in Texas, and is not a citizen of the State of New Mexico for diversity purposes pursuant to 28 U.S.C. § 1332(c)(1).

19. Defendant Rowdy is a limited liability company with its citizenship in the State of Texas. *See* Assumed Name Certificate for Filing with the Secretary of State, attached hereto as **Exhibit C**.

20. The United States Court of Appeals for the Tenth Circuit has expressly held that a limited liability company ("LLC"), as an unincorporated association, takes the citizenship of all its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) (citing *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419-20 (3rd Cir. 2010) (identifying cases from eight circuits for the proposition that "every federal court of appeals to address the question has concluded that a limited liability company, as an unincorporated business entity, should be treated as a partnership for the purposes of establishing citizenship."). In *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, the Tenth Circuit confirmed that even if the corporation-like status of LLCs under state law is unclear, the United States Supreme Court has specifically held that "only those state-created entities that are corporations, in the traditional understanding of that word, will be treated as a person for purposes of diversity jurisdiction." *Id*. (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 197, 110 S.Ct. 1015 (1990); *see also Birdson v. Westglen Endoscopy Ctr, L.L.C.*, 176 F.Supp.2d 1246, 1248 (D. Kan. 2001) (agreeing with the majority view in finding that an "LLC is a citizen, for purposes of diversity, of each state where its members are citizens.").

21. Defendant Rowdy's members are Ronald C. Gandy and Wendy M. Gandy. The members are citizens of Texas. *See* Certificate of Formation Limited Liability Company and Certificate of Amendment, attached hereto as **Exhibit D**.

22. Plaintiff has brought this case against Defendant Rowdy. Plaintiff has not brought any claims against Rowdy's members. Defendant Rowdy does not assert that Ronald C. Gandy

and/or Wendy M. Gandy are appropriate parties to this lawsuit. As such, it is Defendant Rowdy's understanding that the members of the LLC are not "real part[ies] to the controversy." *See Conagra Foods, Inc. v. Americold Logistics, LLC*, 775 F.3d 1175, 1178 (10th Cir. 2015).

23. Therefore, the diversity requirements of 28 U.S.C. § 1332(a) are met because there is complete diversity of citizenship between Plaintiff and Defendants.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISIFED

24. To confer subject matter jurisdiction on this Court based on subject matter jurisdiction, the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Where the face of the complaint is silent as to the amount of the plaintiff's damages, such jurisdictional facts must be proven by a "preponderance of the evidence." *McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008). In applying this rule to a situation in which the face of the complaint was silent as to the amount in controversy, the Tenth Circuit approved the solution offered by the Seventh Circuit in *Meridian Security Ins. Co. v. Sadowski* stating:

> [T]he removing defendant, as a proponent of federal jurisdiction, must establish what the plaintiff stands to recover. We have suggested several ways in which this may be done—by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] *by reference to the plaintiff's information estimates or settlement demands*[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands. The list is not exclusive; any given proponent of federal jurisdiction may find a better way to establish what the controversy between the parties amounts to, and this demonstration may be made from either side's viewpoint (what a judgment would be worth to the plaintiff, or what compliance with an injunction would cost the defendant.)

*McPhail*, 429 P.2d at 954 (quoting *Meridian Security*, 441 F.3d 536, 540-41 (7th Cir. 2006) (emphasis added). If the defendant meets the initial burden to establish, by a preponderance of the evidence, "jurisdictional *facts* that ma[k]e it *possible* that $75,000 [i]s in play," *id.* at 955,

then "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *Id*. at 954 (citing *Meridian Security*, 441 F.3d at 540-43). "If the amount is uncertain that there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id*. Additionally, the United States Supreme Court clarified that a defendant seeking removal to federal court need only include in the notice of removal a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Graham v. Troncoso*, 2015 WL 1566433, at *6 (D.N.M. Mar. 30, 2015 (citing *Dart Cherokee Basin Operating C. v. Owen*, 135 S.Ct. 547, 554 (2014)). The district court should consider outside evidence to find whether the amount in controversy requirement is satisfied "only when the plaintiff contests, or the court questions, the defendant's allegations." *Id*.

25. On August 4, 2021, Plaintiff demanded that Defendants settle this dispute for an amount in excess of $75,000.00. To protect the confidentiality of the settlement demand, Defendants are not attaching the settlement demand packet to this Notice of Removal or disclosing the precise amount demanded. If the Court wishes to review the settlement demand in Defendants' possession, undersigned counsel can provide a copy.

26. While Defendants dispute the value Plaintiff attaches to her claims and disputes any liability, Plaintiff's settlement demand satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a).

27. Because the amount in controversy is met here and because there is complete diversity of citizenship between the parties, removal of this case to this Court is appropriate.

WHEREFORE, pursuant to 28 U.S.C. § 1441, Defendants respectfully remove this action from the Fifth Judicial District Court for the State of New Mexico, County of Lea, bearing Cause No. D-506-CV-2021-00815, to this Court.

Dated: October 8, 2021  RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By  */s/Lauren T. Kedge*
    Seth Sparks
    Lauren T. Kedge
P. O. Box 1888
Albuquerque, NM 87103
Telephone:  (505) 765-5900
FAX:  (505) 768-7395
ssparks@rodey.com
lkedge@rodey.com
*Attorneys for Defendants Alexis Santiago Abrams, Rowdy Transport LLC, d/b/a Rowdy Resources, Hudson Insurance Group, and Redpoint County Mutual Insurance Co.*

CERTIFICATE OF SERVICE

      I hereby certify that I have caused to be served, via electronic mail, a true and correct copy of the foregoing pleading to the following counsel of record on October 8, 2021:

                RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

      By:     */s/Lauren T. Kedge*
            Lauren T. Kedge