FILED
5th JUDICIAL DISTRICT COURT
Lea County
9/8/2021 3:46 PM
NELDA CUELLAR
CLERK OF THE COURT
Cory Hagedoorn

**STATE OF NEW MEXICO**
**COUNTY OF LEA**
**FIFTH JUDICAL DISTRICT COURT**

YISMARY DIAZ CUELLAR, as Personal Representative
of the Estate of JORGE DIAZ CORRALES, Deceased,

    Plaintiff,

v.     Case No. __D-506-CV-2021-00815__

Case assigned to Sanchez, Mark

ALEXIS SANTIAGO ABRAMS, ROWDY TRANSPORT LLC,
D/B/A ROWDY RESOURCES a foreign profit corporation,
HUDSON INSURANCE GROUP a foreign profit corporation,
and REDPOINT COUNTY MUTUAL INSURANCE CO.,
a foreign profit corporation.

    Defendants.

## C O M P L A I N T

COMES NOW, YISMARY DIAZ CUELLAR, as Personal Representative of the Estate of JORGE DIAZ CORRALES, Deceased, by and through its undersigned attorneys, Clark, Fountain, La Vista, Prather & Littky-Rubin (Benjamin J. Whitman) and Law Offices of David M. Houliston (David M. Houliston), and sues ALEXIS SANTIAGO ABRAMS, ROWDY TRANSPORT LLC, D/B/A, ROWDY RESOURCES, HUDSON INSURANCE GROUP and REDPOINT COUNTY MUTUAL INSURANCE CO., (collective referred to as "Defendants"), and alleges:

### PARTIES JURISDICTION AND VENUE

1. Plaintiff YISMARY DIAZ CUELLAR is the duly appointed Personal Representative under the Wrongful Death Act, NMSA § 41-2-1, *et. seq.*, in the proceeding on behalf of the Estate of JORGE DIAZ CORRALES, Deceased. Yismary Diaz Cuellar is a resident of Ocala, Florida.

**EXHIBIT A**

1

2. This Court has personal jurisdiction over Defendant ALEXIS SANTIAGO ABRAMS ("Defendant Abrams"), a resident of Leavenworth, Kansas, whom at all times material hereto was an employee of ROWDY TRANSPORT LLC, D/B/A, ROWDY RESOURCES ("Defendant Rowdy").

3. Defendant Abrams was operating a semi-tractor trailer in the course and scope of his employment with full consent and authorization from Defendant ROWDY, who in fact committed an egregious act and tort in and which directly affected the State of New Mexico. That is, Defendant Rowdy transacts sufficient business, including the operation of Semi-truck trailers, in and throughout the State of New Mexico so as to be held into court here. NMSA 1978, § 38-1-16 (A) (1), (3) (1971).

4. This Court has personal jurisdiction over Defendant Rowdy as (i) Defendant made purposeful use of the roads and highways within and through the State of New Mexico. (ii) Defendant conducts substantial transportation in New Mexico. (iii) Defendant owned the vehicle driven by Defendant Abrams and is responsible for the vehicle pursuant to the New Mexico Mandatory Financial Responsibility Act. (iiii) Defendant is vicariously liable for the negligent acts and omissions of Defendant Abrams as an employee and agent for Defendant Rowdy under the legal theory of *Respondeat Superior* at all times material as set forth in this Complaint.

5. Defendant HUDSON INSURANCE GROUP ("Defendant Hudson") is a foreign insurance corporation, duly authorized and doing business within the State of New Mexico through his agents and adjusters, and has significant contact with the state of New Mexico for this court to have jurisdiction over the subject matter herein, and insured the vehicle owned by Defendant Rowdy pursuant to the New Mexico Mandatory Financial Responsibility Act.

2

6. Defendant REDPOINT COUNTY MUTUAL INSURANCE GROUP ("Defendant Redpoint") is a foreign insurance corporation, duly authorized and doing business within the State of New Mexico through his agents, adjusters and underwriters, and has significant contact with the State of New Mexico for this Court to have jurisdiction over the subject matter herein, and underwrote the insurance policy for the vehicle owned by Defendant Rowdy pursuant to the New Mexico Mandatory Financial Responsibility Act.

7. All of the events giving rise to Plaintiff's claims occurred exclusively within the State of New Mexico. This Court has original jurisdiction over the claims in this action pursuant to *New Mexico State Constitution Article VI, § 13*.

8. This Court has jurisdiction over the controversy *sub judice* because the damages are within the jurisdictional limits of this Court. In addition, this Court has venue over the parties to this action because the incident complained of herein occurred in Lea County, New Mexico. Venue, therefore, is proper in the Fifth Judicial District Court in and for Lea County, New Mexico, pursuant to N.M.S.A. 1978, § 38-3-1.

**RELEVANT FACTS**

9. On or about December 16th, 2020, Plaintiff Jorge Diaz Corrales was operating a 2013 Volvo Semi-truck trailer eastbound on State Route 128 near mile post 46 in Lea County, New Mexico. At all times material, Jorge Diaz Corrales was operating said Semi-truck trailer in a safe, reasonable and prudent manner.

10. At the same time, Defendant Abrams was driving a 2006 Freightliner Semi-truck trailer ahead of Mr. Diaz Corrales eastbound on State Route 128 near mile post 46 in Lea County, New Mexico. Said vehicle is owned and operated by Defendant Rowdy.

11. On the evening in question, Defendant Abrams admitted to the State of New Mexico Police at the scene of the incident that his vehicle was at a complete stop in the middle of the roadway in an unquestionably dangerous and negligent manner causing Mr. Diaz Corrales semi-truck trailer to strike Defendant Abrams semi-truck trailer in the rear. Unfortunately for Mr. Diaz Corrales, Defendant Abrams did not end with his first negligent decision. He compounded the already exceedingly dangerous situation of having a stopped tractor trailer in active travel lanes by failing to utilize emergency flashing lights and failing to deploy emergency warning devices which resulted in the tragic death of Mr. Diaz Corrales when Mr. Diaz Corrales' vehicle struck the Defendant's vehicle.

12. Mr. Diaz Corrales suffered catastrophic injuries and ultimately died from his injuries as a result of the negligence of Defendants Rowdy and Abrams.

## COUNT I – NEGLIGENCE OF SANTIAGO ABRAMS

13. At all relevant times, Defendant Abrams had a duty to exercise reasonable care in operating the Semi-truck trailer owned by Defendant Rowdy, including but not limited to stopping his Semi-truck trailer in an active travel lane in the middle of the roadway on State Route 128 and keeping a lookout for oncoming vehicles, so as not to create and pose a danger to people and property.

14. Defendant Abrams failed his duty and such an act and omission, singularly and jointly constitute negligence so as to be the proximate cause of the collision made the basis of the lawsuit and the resulting injuries, death and damages alleged herein.

## COUNT II – NEGLIGENCE OF SANTIAGO ABRAMS – VIOLATION OF FMCSR

15. At all relevant times, Defendant Abrams had a duty to exercise reasonable care while acting as an employee of, and driver for, Defendant Rowdy.

16. Defendant Abrams failed his duty to comply with Federal Motor Carrier regulations, posing and unreasonable risk of harm to other persons and motorist on the roadway when he did not place warning devices as specified in § 392.22 (b) (1) (2) and such act and omission, singularly and jointly constitute negligence so as to be the proximate cause of the collision made the basis of the lawsuit and the resulting injuries, death, and damages alleged herein.

### COUNT III – NEGLIGENCE OF ROWDY – NEGLIGENCE (HIRING, RETENTION, VICARIOUS LIABILITY)

17. Defendant Rowdy had a further duty to properly and safely qualify / train those persons who would operate and control their Semi-truck trailer and to do so with the ordinary care and skill necessary to avoid causing harm and or injury to others such as decedent JORGE DIAZ CORRALES and Plaintiff YISMARY DIAZ CUELLAR.

18. Defendant Rowdy failed with respect to each and of these duties and such acts and omissions, singularly and jointly constitute negligence so as to be the proximate cause of the collision made the basis of the lawsuit and the resulting injuries, death and damages alleged herein.

19. At all times herein alleged and upon information and belief, Defendant Abrams was the agent, employee and/or statutory employee of Defendant Rowdy and in doing the things alleged herein, Defendant Abrams was acting within the course and scope of such relationship at all times material hereto.

20. In addition to its liability under the theories of *Respondeat Superior* and *Vicarious Liability*, Defendant Rowdy is directly liable for its own negligence as such negligence led to and was a legal and proximate cause of the collision made the basis of this lawsuit.

21.     Defendant Rowdy is a common carrier and is registered as such with the United States Department of Transportation ("USDOT") and the Federal Motor Carrier Safety Administration ("FMCSA"). As such, this Defendant has certain duties and obligation which it must perform by exercising reasonable and ordinary care. This duty is one that Defendant owed to Plaintiff, the New Mexico public at large, and to all users on or upon our public roads and highways. This includes, in addition to other listed herein, the duty not to entrust a vehicle to an employee that said employer knew, or reasonably should have known, was potentially dangerous to other users and drivers of the public roads and highways.

22.     Defendant Rowdy negligently entrusted a vehicle to a potentially dangerous driver, Defendant Abrams, when Defendant Rowdy knew or reasonably should have known of such condition.

23.     Defendant Rowdy's acts and omissions as described herein, singularly and jointly constitute negligence so as to be the proximate cause of the collision made the basis of the lawsuit and the resulting injuries, death and damages alleged herein

## COUNT IV – DAMAGES SOUGHT

24.     As a direct and proximate cause of the negligent acts and or omissions of Defendants, and each of them, JORGE DIAZ CORRALES was killed.

25.     This action is brought pursuant to the New Mexico Wrongful Death Statute NMSA § 41-2-1, et. seq.

26.     This action is brought by Plaintiff Yismary Diaz Cuellar to recover all damages legally available under the New Mexico Wrongful Death Statute.

6

## COUNT V - PUNITIVE DAMAGES

27. Plaintiff will show that that the wrongful conduct of Defendants herein is more than mere negligence and that the acts and omissions of the Defendants justify an award of punitive damages for the willful, wanton, reckless, and utter indifference and/or aggravating and mitigating circumstances by the Defendants resulting in these damages.

28. Defendants wrongful conduct here evidences an indifference to or a reckless disregard of the health or safety of Plaintiff; of others similarly situated; and to the public as a whole.

29. Defendants conduct was not the result of an isolated incident; rather, it was the unfortunate but foreseeable result of ongoing and deliberate indifference to the rights, safety and welfare of us all. Such conduct must be both punished and deterred. While the enormity of the losses sustained by Plaintiff is substantial, so it's the enormity of Defendants wrongs.

30. Whether individually or jointly, Defendants wrongful conduct herein is of such a nature so as to entitle Plaintiff to a recovery of Punitive and Exemplary Damages.

31. The amount of such damages is a matter to be determined by the Jury. Plaintiff would respectfully leave such determination to the finder of facts.

WHEREFORE, Plaintiff prays this Court enter judgment for damages against the Defendants, and further demands trial by jury for an award of damages in a more definite amount to be proven at trial including all damages permitted under the applicable wrongful death statute as well as punitive damages, pre-judgement and post-judgment interest, attorney's fees and costs of this action, and for other such additional relief as the Court may deem just and proper.

Dated: <u>September 8, 2021</u>

        Respectfully submitted,

        LAW OFFICES OF DAVID M. HOULISTON

        <u>/s/ David M. Houliston</u>
        David M. Houliston
        7500 Jefferson St. NE, Suite 106
        Albuquerque, NM 87109
        Phone: (505) 247-1223
        Fax:   (505) 214-5204
        david@houlistonlaw.com
        *Attorney for Plaintiff*

        and

        Ben J. Whitman, Esq. for
        CLARK, FOUNTAIN, LA VISTA, PRATHER,
        & LITTKY-RUBIN, LLP
        1919 N. Flagler Drive, 2nd Floor
        West Palm Beach, FL 33407
        Phone: (561) 899-2100
        Fax:   (561) 832-3580
        Email: bwhitman@clarkfountain.com
        Florida Bar No. 106234
        *Attorney for Plaintiff*