# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

YISMARY DIAZ CUELLAR, as Personal
representative of the Estate of JORGE DIAZ
CORRALES, Deceased,

        Plaintiff,

        v.                                No. 2:21-cv-00986-KWR-GBW

ALEXIS SANTIAGO ABRAMS
ROWDY TRANSPORT, LLC d/b/a ROWDY
RESOURCES, HUDSON INSURANCE GROUP,
AND REDPOINT COUNTY MUTUAL INSURANCE CO.,

        Defendants.

## <u>ORDER GRANTING MOTION TO DISMISS AND BIFURCATE CLAIMS</u>

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss claims against Defendant Hudson Insurance Group and to Bifurcate claims against Defendant Redpoint (**Doc. 6**), and Defendants' Motion for Extension of Time to Reply (**Doc. 25**).  For the reasons stated below, the motions are **GRANTED.**

Defendant Hudson Insurance Group asserts that the claims against it should be dismissed because it is a non-jural entity. Defendant asserts that it is a mere trade name and not a jural entity capable of being sued. *See Schueller v. Farmers Ins. Group*, 2008 WL 11451265, at *4 (D.N.M. 2008) ("Second, a corporation operating under an assumed name does not create a separate legal entity. It is merely descriptive of a person or company that does business under some other name. Thus, whether Farmers Insurance Group is a corporate entity or merely a trade name, it is not a natural person and cannot be 'parsed' into separate entities for purposes of suit."). In her response, "Plaintiff agrees that Defendant Hudson can be dismissed upon a proper showing that they are not a jural entity." **Doc. 24 at 2**.  Defendant Hudson subsequently provided an affidavit asserting that Hudson Insurance

Group is a trade name and not a corporate entity. **Doc. 26-2 at 1.** The Court concludes that this evidence is sufficient to show that Hudson Insurance Group is a and not a corporate entity. Plaintiff has not yet attempted to substitute a corporate entity. Therefore, the Court will dismiss Defendant Hudson Insurance Group.

Alternatively, Defendant Hudson argued that there are no facts alleged against Defendant Hudson. Plaintiff did not rebut this argument, and instead admitted that she has no knowledge of the role Hudson plays in insuring Defendants Abrams and Rowdy. Therefore, Defendant Hudson Insurance Group may be also be dismissed for failure to state a claim.

Defendant Redpoint requests that the Court bifurcate and stay the proceedings against it. Plaintiff agrees to bifurcate and stay the claims against Redpoint, but requests that normal discovery such as witness statements and crash investigations be provided to Plaintiff if they are in the possession of Redpoint. Defendant Redpoint did not object to this request. Therefore, the Court will bifurcate and stay the claims against Defendant Redpoint, subject to the unopposed exceptions requested by Plaintiff. *Se* **Doc. 24 at 2.**

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss and Bifurcate claims (**Doc. 6**) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the claims against Defendant Hudson Insurance Group are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the claims against Defendant Redpoint are **BIFURCATED** and **STAYED.**

**IT IS FINALLY ORDERED** that Defendants' Motion for Extension of Time to Reply (**Doc. 25**) is **GRANTED.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**