IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YISMARY DIAZ CUELLAR, *as Personal*
*Representative of the Estate of Jorge Diaz Corrales*,

    Plaintiff,

v.                                                     Civ. No. 21-986 DHU/GBW

ALEXIS SANTIAGO ABRAMS, *et al.*,

    Defendants.

## ORDER GRANTING MOTION TO COMPEL RULE 30(B)(6) DEPOSITION OF DEFENDANT EASY MONEY TRUCKING, LLC

THIS MATTER is before the Court upon review of Defendants Alexis Santiago Abrams's and Rowdy Transport LLC's Motion to Compel Rule 30(b)(6) Deposition of Defendant Easy Money Trucking, LLC (the "Motion"). *Doc. 193*. The Court set expedited briefing on this Motion, *see doc. 196*, and the Motion is fully briefed and ready for decision, *see doc. 199*. Having reviewed the Motion and its attendant briefing (*docs. 197, 198*), the Court will GRANT the Motion.

Defendants Alexis Santiago Abrams and Rowdy Transport LLC (collectively, the "Rowdy Defendants") request the Court to compel Defendant Easy Money Trucking, LLC ("Easy Money") to provide a corporate representative to be deposed on topics identified in Defendant Rowdy Transport LLC's Rule 30(b)(6) FRCP Notice of Deposition to Easy Money Trucking, LLC, which was served on May 11, 2023. *See doc.*

*193* at 5; *doc. 193-1* at 24-29.  In response, Defendant Easy Money argues that the Court should deny the Motion and decline to impose sanctions because "[c]ounsel for Easy Money has attempted to confer in good faith with Defendant Rowdy concerning the issues with obtaining the dates of availability for the Easy Money 30(b)(6) deposition." *See doc. 197* at 4.  Specifically, Defendant Easy Money contends that it has identified an individual who will serve as its corporate representative, but it has been "unable" to obtain its corporate representative's dates of availability, and there are no other individuals who could serve as a corporate representative for Easy Money.  *See id.* at 2, 4.

      Because Defendant Easy Money has already designated a corporate representative for purposes of Defendant Easy Money's Rule 30(b)(6) deposition on the topics listed in Defendant Rowdy Transport LLC's Rule 30(b)(6) FRCP Notice of Deposition to Easy Money Trucking, LLC, *see doc. 193-1* at 25, the sole hurdle to scheduling the deposition at issue appears to be that counsel for Defendant Easy Money has been unable to obtain dates of availability for Easy Money's corporate representative.  The Court notes that Defendant Easy Money's counsel has attempted to contact Defendant Easy Money on multiple occasions to request its corporate representative's dates of availability, and those efforts have been unavailing for reasons that are not explained in Defendant Easy Money's response to the Motion.  *See doc. 197* at 3.  Although the Court finds that the foregoing circumstances weigh against

awarding movants their reasonable costs and attorneys' fees incurred in bringing this motion, this proceeding must move forward, particularly considering the upcoming case management deadlines and jury trial setting.  The Court therefore finds that Defendant Easy Money should be compelled to provide dates of availability for its corporate representative's deposition so that the deposition can be completed within thirty (30) days.

**IT IS THEREFORE ORDERED** that Defendants Alexis Santiago Abrams and Rowdy Transport LLC's Motion to Compel Rule 30(b)(6) Deposition of Defendant Easy Money Trucking, LLC (*doc. 193*) is **GRANTED,** and Defendant Easy Money shall provide Defendants Alexis Santiago Abrams and Rowdy Transport LLC with dates of its corporate representative's availability.  Such depositions shall be scheduled to occur **no later than thirty (30) days after the entry of this Order.**

**IT IS FURTHER ORDERED** that the existing discovery deadline of August 15, 2023, shall be extended until September 8, 2023, for the limited purpose of permitting a Rule 30(b)(6) deposition of Defendant Easy Money to take place.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE