IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YISMARY DIAZ CUELLAR, *as Personal*
*Representative of the Estate of Jorge Diaz Corrales,*

     Plaintiff,

v.                                        Civ. No. 21-986 DHU/GBW

ALEXIS SANTIAGO ABRAMS, *et al.,*

     Defendants.

## ORDER AWARDING ATTORNEY FEES AND PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING SPOLIATION CLAIMS

THIS MATTER is before me on Defendants Alexis Santiago Abrams's and Rowdy Transport LLC's Motion to Show Cause Why Easy Money Trucking, LLC Should Not Be Held in Contempt of Court Order. *Doc. 205.* Having reviewed the motion and the parties' briefing (*docs. 222, 225*), I will award Defendants Alexis Santiago Abrams and Rowdy Transport, LLC attorneys' fees associated with bringing the instant motion and all other losses incurred as a direct result of Defendant Easy Money failing to comply with my August 8, 2023, Order. Additionally, I RECOMMEND that the presiding judge: (1) enter an order of default against Easy Money on Defendants Alexis Santiago Abrams's and Rowdy Transport, LLC's claims for spoliation of evidence; and (2) permit a jury instruction regarding Easy Money's spoliation of evidence.

1

I.     PROCEDURAL BACKGROUND

In February of 2023, Defendants Alexis Santiago Abrams and Rowdy Transport
LLC (collectively, the "Rowdy Defendants") each brought two crossclaims against Easy
Money: (1) "Crossclaim for Spoliation of Evidence Against Cross-Defendant Easy
Money;" and (2) "Crossclaim for Intentional Destruction of Evidence Against Cross-
Defendant Easy Money." *Doc. 136* at 25-27; *doc. 137* at 25-27.  For almost six months,
Rowdy Defendants have been attempting to depose a corporate representative of Easy
Money.  *Doc. 193-1* at 1 (first email dated April 6, 2023, from Rowdy Defendants'
counsel to Easy Money's counsel attempting to obtain dates to depose an Easy Money
corporate representative).  After multiple failed attempts to obtain dates on which to
depose Easy Money's corporate representative, on July 21, 2023, Rowdy Defendants
filed a Motion to Compel Rule 30(b)(6) Deposition of Defendant Easy Money Trucking,
LLC.  *Doc. 193*.  I granted Rowdy Defendants' Motion to Compel on August 8, 2023.
*Doc. 200*.

The basis of Rowdy Defendants' instant motion is Easy Money's alleged failure
to comply with my August 8, 2023, Order.  *Doc. 200*.  In that Order, I granted Rowdy
Defendants' Motion to Compel Rule 30(b)(6) Deposition of Defendant Easy Money
Trucking, LLC (*doc. 193*) and ordered Easy Money to provide Rowdy Defendants with
dates of its corporate representative's availability so that the deposition could be
scheduled to occur no later than September 7, 2023.  *Doc. 200* at 3.  On September 11,

2

2023, after Easy Money's corporate representative failed to appear for a Rule 30(b)(6) deposition before Rowdy Defendants by September 7, 2023, Rowdy Defendants filed the instant Motion to Show Cause Why Easy Money Trucking, LLC Should Not Be Held in Contempt of Court Order. *Doc. 205*. The Motion was fully briefed on September 22, 2023. *Doc. 226*.

## II.   RELEVANT FACTUAL BACKGROUND

On August 11, 2023, Rowdy Defendants contacted Easy Money's counsel via email to obtain dates of availability for the deposition of Easy Money's corporate representative. *Doc. 205-1*. After receiving no response to their August 11 inquiry, Rowdy Defendants contacted Easy Money's counsel again on August 18 to obtain dates of availability to depose Easy Money's corporate representative. *Id*. Easy Money's counsel responded to Rowdy Defendants on August 18 via email stating, "I have until September 7 to provide a witness. You can go ahead and put that date down for a deposition if you want." *Doc. 205-2* at 1. That same day, Rowdy Defendants contacted Easy Money's counsel and indicated it would notice the deposition for September 7, 2023. *Doc. 205-3* at 1.

On August 28, 2023, Rowdy Defendants filed the Certificate of Service for the September 7 deposition of Easy Money's corporate representative. *Doc. 202*. A copy of the Certificate of Service was sent to Easy Money's counsel on the same day. *Doc. 205-4*. On September 5, 2023, Rowdy Defendants contacted Easy Money's counsel via email to

provide further information regarding the September 7 deposition. *Doc. 205-5*. On

September 7, 2023, all relevant counsel attended the deposition as planned. *Doc. 205* at

3. However, Easy Money's corporate representative never appeared. *Id*. Counsel

waited thirty minutes for Easy Money's corporate representative to arrive before

ultimately ending the deposition. *Id*. Easy Money's counsel explains that, before the

deposition (from July 5 to September 7), it had tried but failed to contact Easy Money's

corporate representative over twenty-five times. *See doc. 222* at 5. As of September 19,

2023, Easy Money's corporate representative has continued to be unresponsive to Easy

Money's counsel. *Id*.

### III.   LEGAL STANDARDS

"[D]istrict courts enjoy 'very broad discretion to use sanctions where necessary

to insure . . . that lawyers and parties . . . fulfill their high duty to insure the expeditious

and sound management of the preparation of cases for trial.'" *Lee v. Max Intern., LLC*,

638 F. 3d 1318, 1320 (10th Cir. 2011) (quoting *In re Baker*, 744 F.2d 1438, 1440 (10th Cir.

1984)). "Determination of the correct sanction for a discovery violation is a fact-specific

inquiry that the district court is best qualified to make." *Ehrenhaus v. Reynolds*, 965 F.2d

916, 920 (10th Cir. 1992). To the extent that Easy Money violated my August 8, 2023,

order, it is subject to sanctions under Federal Rule of Civil Procedure 37, which reads in

pertinent part:

> If a party or a party's officer, director, or managing agent – or a witness
> designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to

provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)   striking pleadings in whole or in part;

(iv)   staying further proceedings until the order is obeyed;

(v)    dismissing the action or proceeding in whole or in part;

(vi)   rendering a default judgment against the disobedient party; or

(vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Furthermore, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Additionally, Local Rule 30.2 provides that failure of a deponent to appear at his or her deposition "may be regarded as willful failure to appear pursuant to Fed. R. Civ. P. 37(d) or contemptible conduct pursuant to Fed. R. Civ. P. 45I, unless a motion for protective order and a notice of non-appearance are served at least seven (7) days before the scheduled deposition . . . ." D.N.M.LR-Civ. 30.2.

IV.   ANALYSIS

Rowdy Defendants assert that, in light of Easy Money's failure to adhere to my August 8, 2023, Order, I should issue an order to show cause why Easy Money should not be held in contempt of court. *Doc. 205* at 4. Rowdy Defendants also request an award from Easy Money of reasonable expenses incurred in preparing and filing for the instant motion and all other losses incurred by Rowdy Defendants as a direct result of Easy Money failing to comply with my August 8, 2023, Order. *Id*. at 3. Additionally, Rowdy Defendants request the Court enter an order defaulting Easy Money on Rowdy Defendants claims for spoliation and permitting a jury instruction regarding Easy Money's spoliation of evidence. *Id*. at 4. Rowdy Defendants' instant motion does not mention their claims against Easy Money for intentional destruction of evidence. *See generally docs. 221, 225.* Thus, I construe their request for default judgment only as to their identical crossclaims against Easy Money titled "Crossclaim for Spoliation of Evidence Against Cross-Defendant Easy Money" (collectively, the "spoliation claims"). *See doc. 136* at 25-27, *doc. 137* at 25-27.

Easy Money asserts that I should deny the instant motion and not order sanctions against it because Rowdy Defendants failed to serve proper notice by filing their Certificate of Service four days late per District of New Mexico Local Rule 30.1. *Doc. 222* at 4. Additionally, Easy Money asserts that its counsel has acted in good faith

because it has attempted to contact Easy Money's corporate representative regarding deposition date availability over twenty-five times to no avail. *Id.* at 5-6.

As the referral/discovery judge in this case, I have the authority to rule on Rowdy Defendants' request for reasonable expenses, as well as their request for an order to show cause. However, the authority to enter a default judgment against Easy Money on Rowdy Defendants' spoliation claims, as well as the authority to permit a jury instruction regarding Easy Money's spoliation of evidence, lies with the presiding judge. Thus, Sections A and B of this order are the rulings within my authority, and Section C contains my proposed findings and recommended disposition for the presiding judge.

**A. Easy Money's Willful Failure to Comply with My August 8, 2023, Order**

Easy Money's corporate representative culpably and willfully failed to appear for a Rule 30(b)(6) deposition on or before September 7, 2023, in violation of my August 8, 2023, Order. D.N.M.LR-Civ. 30.2. An act is willful if it is "voluntary and intentional." *Black's Law Dictionary* 1737 (9th ed. 2009); *see Schroeder v. Sw. Airlines*, 129 F.App'x 481, 484 (10th Cir. 2005) (unpublished) (quoting *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987) (defining willful failure as any intentional failure as distinguished from involuntary noncompliance; no wrongful intent need be shown).

On August 8, 2023, I put Easy Money on notice that its corporate representative was ordered to appear for a deposition no later than September 7, 2023. *See doc. 200.*

Per my Order, the parties' counsel scheduled the Rule 30(b)(6) deposition for September 7, 2023. *See doc. 202.* From August 8 to September 7, 2023, Easy Money's counsel attempted to contact Easy Money's corporate representative over ten times to no avail. *See doc. 222* at 5. Despite my Order and counsels' consistent attempts at communication via phone calls, emails, texts, and letters, Easy Money's corporate representative did not appear at the deposition. *Doc. 222* at 5; *see Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976) (holding that plaintiffs engaged in bad faith where the court expressly directed them to perform an act, but they failed to perform). Easy Money's corporate representative's complete disregard of counsels' consistent communication provides additional evidence that he had no intention of ever participating in a Rule 30(b)(6) deposition by September 7, 2023, per my Order. *See doc. 222* at 5. The evidence thus supports my finding that Easy Money's corporate representative culpably and willfully failed to appear for his Rule 30(b)(6) deposition.

Easy Money contends that its corporate representative cannot be blamed for not attending the September 7, 2023, deposition because Rowdy Defendants filed their Certificate of Service four days late in violation of District of New Mexico Local Rule 30.1.[1] *See generally doc. 222.* I disagree. While I acknowledge that Rowdy Defendants did not file their Certificate of Service for the September 7 deposition of Easy Money's

---

[1] District of New Mexico Local Rule 30.1 requires that service of notice of a deposition in accordance with Federal Rule of Civil Procedure 30(b) be made fourteen (14) days before the scheduled deposition. D.N.M.LR-Civ. 30.1.

corporate representative until August 28, 2023, ten days prior to the scheduled deposition, I find that this technicality does not lessen Easy Money's culpability nor form a basis on which to avoid the consequences. My August 8, 2023, Order clearly stated that the deposition needed to occur no later than September 7, 2023. *See doc. 200*. Easy Money's counsel agreed to the September 7, 2023, deposition date on August 18, 2023, when he stated, "I have until September 7 to provide a witness. You can go ahead and put that date down for a deposition if you want." *Doc. 205-2* at 1. Rowdy Defendants counsel replied, less than fifteen minutes later, stating that he would notice the deposition for September 7. *Doc. 205-3* at 1. After Rowdy Defendants filed their Certificate of Service and sent a copy to Easy Money's counsel on August 28, 2023, Easy Money did not file a Motion for Protective Order or object to the September 7 date on the basis of the late notice or any other reason. Finally, the appearance of Easy Money's counsel at the September 7 deposition indicates that they knew Easy Money's representative was required to appear.

In short, there is ample evidence that Easy Money's corporate representative voluntarily and intentionally failed to appear for a Rule 30(b)(6) deposition before Rowdy Defendants by September 7, 2023, in direct violation of my August 8, 2023, Order. The late notice of deposition does not undermine this finding or excuse the failure.

**B. Attorneys' Fees**

Rowdy Defendants are entitled to attorneys' fees associated with bringing the instant motion and all other losses incurred as a direct result of Easy Money failing to comply with my August 8, 2023, Order.  When a party fails to obey an order concerning discovery, Federal Rule of Civil Procedure 37(b)(2)(C) generally requires that the court order the disobedient party to pay "reasonable expenses, including attorney's fees, caused by the failure," either in conjunction with or as an alternative to other sanctions. Fed. R. Civ. P. 37(b)(2)(C).  As discussed above, Easy Money, through its corporate representative, failed to obey my August 8, 2023, Order by declining to appear for a Rule 30(b)(6) deposition by September 7, 2023.  Easy Money has not demonstrated that its corporate representative's failure to show was substantially justified or that there are other reasons that would make an award for expenses unjust.  *See id*.

Federal Rule of Civil Procedure 37(b)(2)(C) allows for an award to be assessed against either the disobedient party or their attorney.  Because there is no indication that Easy Money's counsel was responsible for Easy Money's failure to show at the September 7, 2023, deposition, Easy Money (and not its counsel) will be responsible for paying Rowdy Defendants' reasonable expenses incurred in bringing the instant motion and all other losses incurred as a direct result of Easy Money failing to comply with my August 8, 2023, Order.  *See In re the Application of Gonzalez v. Batres*, Civil No. 14-00799 WJ/CG, 2014 WL 12614506, at \*2 (D.N.M. Dec. 22, 2014) ("To the extent possible,

sanctions should be imposed only upon the person or entity responsible for the

sanctionable conduct.") (quoting *Hoffman v. United Parcel Serv., Inc.*, 206 F.R.D. 506, 507

(D. Kan. 2002)).

### C. Spoliation Crossclaims Against Easy Money

Rowdy Defendants request the Court enter a default judgment against Easy

Money on Rowdy Defendants' spoliation claims and permit a jury instruction regarding

Easy Money's spoliation of evidence. *Doc. 205* at 4. Because the *Ehrenhaus* factors

counsel in favor of default judgment on these claims, I recommend that the Court grant

Rowdy Defendants' motion with respect to the spoliation claims.

Federal Rule of Civil Procedure 37(b) permits a court to enter a default judgment

when a party disobeys a court order to attend a deposition. *See* Fed. R. Civ. P.

37(b)(2)(A)(vi); *see also M.E.N. Co.*, 834 F.2d at 872 ("The Federal Rules of Civil

Procedure authorize default judgments against parties who fail to comply with court

orders or fail to attend depositions . . ."). "Since a default judgment, like dismissal,

'represents an extreme sanction,' it is 'appropriate only in cases of willful misconduct.'"

*Derma Pen, LLC v. 4EverYoung Ltd.*, 736 F.App'x 741, 745 (10th Cir. 2018) (unpublished)

(quoting *Ehrenhaus*, 965 F.2d at 920 and *In re Rains*, 946 F.2d 731, 733 (10th Cir. 1991)).

Default judgment, like dismissal, is not usually an appropriate sanction for

"inadvertence or simple neglect" or "isolated instances of noncompliance." *See Ocelot*

*Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464-65 (10th Cir. 1988). The Tenth Circuit

looks to five factors before imposing a default judgment as a sanction, including: (1) the degree of actual prejudice to the defendants; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *See Ehrenhaus*, 965 F.2d at 921. These factors are guidelines, not a "rigid test." *Id*. Here, because the *Ehrenhaus* factors align in favor of default judgment, I recommend that the Court enter an order defaulting Easy Money on Rowdy Defendants claims for spoliation.

i.  *Actual Prejudice to Rowdy Defendants*

Easy Money does not dispute that the Rule 30(b)(6) deposition of its corporate representative is relevant and material to the spoliation claims raised by Rowdy Defendants. *See generally doc. 222*.  Through its willful failure to appear at the deposition as ordered by this Court, Easy Money is obstructing Rowdy Defendants from prosecuting their claim.  The discovery period has now closed.  Moreover, Easy Money has not suggested that it will sit for the ordered deposition even if the discovery deadline was again extended.[2]  Not granting default judgment on the spoliation claims would reward Easy Money's disobedience by requiring the Rowdy Defendants to proceed without critical discovery to which they are undeniably entitled.  Finally, the

---

[2] Discovery in this case has already been extended once by 24 days for the express purpose of permitting a Rule 30(b)(6) deposition of Easy Money. *Doc. 200* at 3.

costs and delays in this case have mounted over an extended period of time due to Easy Money's refusal to complete a Rule 30(b)(6) deposition before Rowdy Defendants. Rowdy Defendants have incurred attorneys' fees in preparing for the deposition and in preparing and filing the instant motion. *Doc. 205* at 4. Such "increased costs and delays are valid reasons to find actual prejudice." *Ellis-Hall Consultants, LLC v. Hofmann*, 2022 WL 3972093, at *4 (10th Cir. Sept. 1, 2022); *see also Ehrenhaus*, 965 F.2d at 921 (prejudice may include "delay and mounting attorney's fees"); *see also Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993) ("Plaintiffs have prejudiced the [d]efendants by causing delay and mounting attorney's fees.").

Thus, Rowdy Defendants have shown significant actual prejudice and this factor weighs in favor of granting default judgment.

ii.    *Easy Money's Interference with the Judicial Process*

Easy Money's failure to appear before Rowdy Defendants for a Rule 30(b)(6) deposition by September 7, 2023, undeniably interfered with the judicial process. Doing business as a corporation grants many advantages which come with obligations. Making a corporate representative available to testify in litigation when required is one of those obligations. Easy Money's willful refusal to do so interferes with a fundamental aspect of the judicial process in the context of civil litigation. *See, e.g., Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1146 (10th Cir. 2007) (finding interference with judicial process when plaintiff engaged in extensive dilatory

conduct regarding the designation/deposition of a Rule 30(b)(6) representative,
requiring court intervention and depriving defendants the opportunity to depose a key
witness); *see also Lopez v. Bernalillo Cnty. Sheriff's Dep't*, No. CIV-02-277 JP/DJS, 2003 WL
27385141, at *1-3 (D.N.M. June 19, 2003) (plaintiff "obstructed the judicial process" by
thwarting all efforts at "basic discovery").  Moreover, by disregarding my August 8,
2023, Order, Easy Money flouted the authority of this Court.  *See Ehrenhaus*, 965 F.2d at
921 (finding plaintiff interfered with judicial process by flouting court's authority when
he failed to comply with a direct court order).

Thus, Easy Money has significantly interfered with the judicial process and this
factor weighs in favor of granting default judgment.

iii.   *Culpability of Easy Money*

Easy Money willfully failed to comply with my August 8, 2023, Order by failing
to appear for a Rule 30(b)(6) deposition before Rowdy Defendants by September 7,
2023.  The third *Ehrenhaus* factor requires "'willfulness, bad faith, or [some] fault' rather
than just a simple 'inability to comply.'"  *Ellis-Hall Consultants, LLC*, 2022 WL 3972093,
at *5 (quoting *Lee*, 638 F. 3d at 1321 and *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*,
70 F.3d 1172, 1174 (10th Cir. 1995)).  As already stated, Easy Money's corporate
representative culpably and willfully failed in bad faith to appear for a Rule 30(b)(6)
deposition before Rowdy Defendants by September 7, 2023.  *See supra* Sec. IV. A.

Given the clear culpability of Easy Money, this factor also weighs in favor of default.

iv.    *Advance Notice of Sanction of Default*

Admittedly, I have not explicitly warned Easy Money that I would recommend default on Rowdy Defendants spoliation claims if they did not comply with my August 8, 2023, Order.  Alas, a federal court ought not need to anticipate the willful defiance of clear and unequivocal orders.  Importantly, while it is a factor, notice is not a prerequisite for default under *Ehrenhaus*.  *See Archibeque*, 70 F.3d at 1175 (affirming dismissal pursuant to *Ehrenhaus* test despite absence of warning as to imminent dismissal); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962) (upholding dismissal predicated upon trial court's inherent authority and stating that "absence of notice as to the possibility of dismissal . . . [does not] necessarily render such a dismissal void."); *see also Schroeder*, 129 F.App'x at 485 (upholding dismissal upon trial court's finding that even though plaintiff had not been warned, "the continuing nature of plaintiff and her counsel's inexcusable conduct, the extent of prejudice to defendants, and the interference with the judicial process outweigh the fact that plaintiff was not specifically warned.").

Moreover, several facts militate the lack of an explicit warning.  Easy Money failed to properly participate in discovery by making a corporate representative available for almost six months before the Court was required to compel such a

deposition.  *See doc. 200*.  That Order not only compelled the deposition but reopened

discovery for the limited purpose of allowing Easy Money to permit a Rule 30(b)(6)

deposition to take place by September 7, 2023.  *Id*.  Neither before that date nor since has

Easy Money sought additional time to sit for the deposition.  In these circumstances,

there is no evidence that a warning would have had any efficacy.

Finally, it must be recognized that I am not granting a default judgment, but

instead recommending that the presiding judge do so.  In the time Easy Money has to

file objections, it may also schedule and sit for the deposition.  Such compliance, while

belated, would likely have a significant impact on the presiding judge's view of the

recommendation for default judgment.  In other words, Easy Money should now

consider itself warned.

     *v.*    *Efficacy of Lesser Sanctions*

Easy Money's willful noncompliance with my August 8, 2023, Order, its

continuous refusal to communicate with its counsel regarding scheduling a Rule

30(b)(6) deposition, and its overall disregard to the discovery process leads me to

conclude that lesser sanctions would not compel Easy Money's compliance.  In cases

where a plaintiff fails to obey a court order through inadvertence or simple neglect, the

deterrent effect can usually be achieved through lesser sanctions.  *See Ocelot Oil Corp.*,

847 F.2d at 1465.  As already stated, Easy Money's noncompliance with my August 8,

2023, Order was willful and in bad faith, rather than inadvertent or neglectful.  *See supra*

Sec. IV.A.  I reopened discovery for the sole purpose of allowing Easy Money to make up for its continuous refusal to provide Rowdy Defendants with a 30(b)(6) deposition. *See doc. 200* at 3.  Despite my extension, Easy Money continued to ignore its counsel and failed to appear.  *Doc. 222* at 5.

Given the current posture of the case, including the now-closed discovery period and the fact that Easy Money refuses to communicate with its counsel regarding scheduling a Rule 30(b)(6) deposition, no appropriate lesser sanction occurs to me.  *See U.S. v. Gates*, 752 F.2d 516, 517 (10th Cir. 1985) (finding that the plaintiffs' failure to contact their attorney in the midst of litigation was sufficient to justify dismissal for failure to appear at court-ordered deposition).  Because Easy Money has shown that it is unwilling to comply with court orders, it is unlikely that it will comply with additional court orders requiring it to communicate with its lawyers and participate in discovery. As a result, there is no sense in further prolonging discovery by issuing lesser sanctions that will continue to be evaded.  Thus, this factor weighs in favor of default.

Because the *Ehrenhaus* factors counsel in favor of defaulting Easy Money on Rowdy Defendants claims for spoliation, I recommend that the Court enter a default judgment against Easy Money on Rowdy Defendants spoliation claims and permit a jury instruction regarding Easy Money's spoliation of evidence.  For the same reasons, I recommend the Court give an appropriate jury instruction regarding Easy Money's spoliation of evidence.

**V.    CONCLUSION**

For the foregoing reasons, I AWARD Rowdy Defendants attorneys' fees associated with bringing the instant motion and all other losses incurred as a direct result of Defendant Easy Money failing to comply with my August 8, 2023, Order.  I decline to rule on Rowdy Defendants' request for an order to show cause pending a resolution of the sanction defaulting Easy Money on Rowdy Defendants' spoliation claims.

Additionally, I RECOMMEND that the Court: (1) enter a default judgment against Defendant Easy Money on Rowdy Defendants' "Crossclaim for Spoliation of Evidence Against Cross-Defendant Easy Money," *doc. 136* at 25-27, *doc. 137* at 25-27; and (2) permit a jury instruction regarding Defendant Easy Money's spoliation of evidence.

IT IS HEREBY ORDERED that, **within seven (7) days of the entry of this Order**, Rowdy Defendants shall file an affidavit detailing the reasonable expenses, including attorneys' fees, that it incurred to bring its Motion to Show Cause Why Easy Money Trucking, LLC Should Not Be Held in Contempt of Court Order and any other losses incurred as a direct result of Defendant Easy Money failing to comply with my August 8, 2023, order.  If Defendant Easy Money wishes to contest the reasonableness of any expenses claimed by Rowdy Defendants, its objections shall be due **within seven (7) days of Rowdy Defendants filing their affidavit**.

The parties are also reminded that, as explained further below, Defendant Easy Money is permitted **fourteen (14) days** to object to the portion of this Order that recommends dispositions to the presiding judge (Sec. IV.C).

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**