IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YISMARY DIAZ CUELLAR, *as Personal
Representative of the Estate of Jorge Diaz Corrales,*

      Plaintiff,

v.                                    Civ. No. 21-986 DHU/GBW

ALEXIS SANTIAGO ABRAMS, *et al.,*

      Defendants.

## ORDER GRANTING DEFENDANTS ALEXIS SANTIAGO ABRAMS'S AND ROWDY TRANSPORT, LLC'S MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORT OF DENNIS MCGEE

THIS MATTER is before the Court on Defendants Alexis Santiago Abrams's and Rowdy Transport, LLC's Motion to Strike Supplemental Expert Report of Dennis McGee (the "Motion").  *Doc. 221.*  Having reviewed the parties' briefing (*docs. 241, 246*) and being fully advised, the Court will GRANT the Motion.

I.    BACKGROUND

    A.  **Procedural Background**

This wrongful death case arises from a motor vehicle accident that occurred on December 16, 2020, in Lea County, New Mexico, and resulted in the death of Jorge Diaz Corrales.  *Doc. 61* at 4-5.  On September 8, 2021, Plaintiff, Yismary Diaz Cuellar, as Personal Representative of the Estate of Jorge Diaz Corrales, filed her original complaint

in state court against Defendant Alexis Santiago Abrams ("Defendant Abrams"),

Defendant Rowdy Transport, LLC ("Defendant Rowdy"), Defendant Hudson Insurance

Group[1], and Defendant Redpoint County Mutual Insurance Company.  *Doc. 1-1 at 1.*

Defendants removed the case to federal court on October 8, 2021.  *Doc. 1.*

      For purposes of this Order, the Court focuses primarily on Plaintiff's claims

against Defendant Abrams and Defendant Rowdy (collectively, the "Rowdy

Defendants").  Defendant Abrams was involved in the subject accident while driving

for his then and current employer, Defendant Rowdy.  *Doc. 61* at 4-5; *doc. 246* at 2.

Plaintiff alleges various negligence claims against Rowdy Defendants.  *Doc. 61* at 7-9.

Against Defendant Abrams, Plaintiff alleges (1) negligent operation of a semi-truck

trailer, and (2) failure to comply with Federal Motor Carrier Safety Regulations

("FMCSR").  *Id.*  Against Defendant Rowdy, Plaintiff alleges (1) negligent hiring, (2)

negligent retention, and (3) vicarious liability.  *Id.*

      Discovery in this case started on December 22, 2021, the date counsel for Plaintiff

and Rowdy Defendants met and conferred to formulate a provisional discovery plan

pursuant to Federal Rule of Civil Procedure 26(f).[2]  *Doc. 32.*  On January 27, 2022, the

Court issued its Order Setting Pretrial Deadlines and Briefing Schedule, setting the

---

[1] Defendant Hudson Insurance Group has since been dismissed from this lawsuit.  *See doc. 28.*

[2] "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  Fed. R. Civ. P. 26(d)(1).

discovery deadline as August 23, 2022.  *Doc. 36*.  On May 2, 2022, Plaintiff filed her First Amended Complaint naming additional parties[3] not relevant here.  *Doc. 61*.  Plaintiff's claims against Rowdy Defendants have not changed since the original complaint. *Compare doc. 1-1* at 4-6 *and doc. 61* at 7-9.

Due to the inclusion of new parties following Plaintiff's First Amended Complaint, the Court issued a second scheduling order on October 24, 2022.  *Doc. 103*. In that Order, the Court set March 1, 2023, as Plaintiff's Rule 26(a)(2) expert disclosure deadline.  *Id*. at 3.  The Court later extended the discovery deadline in this case to August 15, 2023, but the expert disclosure deadline was unchanged.[4]  *Doc. 182*. Additionally, the Court set September 15, 2023, as the deadline for all dispositive pretrial motions not related to discovery.  *Id*.  On March 1, 2023, Plaintiff timely served parties with her expert disclosures, including an expert report (the "Initial Report") by Dennis McGee.  *See docs. 138, 221-1*.

Throughout discovery in this case, the Court has addressed numerous discovery disputes between the parties.  *See docs. 44, 110, 176, 195, 207*.  Relevant to the discovery issue at hand is deposition testimony by Defendant Abrams.  The Court ordered the parties to schedule depositions of Rowdy Defendants for the week of April 4-8, 2022.

---

[3] Plaintiff's Amended Complaint added Defendants Hallmark County Mutual Insurance Company and Easy Money Trucking, LLC.  *Doc. 61*.
[4] The Court subsequently extended the discovery deadline to September 8, 2023, for the limited purpose of permitting a Rule 30(b)(6) deposition of Defendant Easy Money Trucking, LLC to take place.  *Doc. 200* at 3.

*Doc. 45*.  Plaintiff deposed Defendant Abrams on April 8, 2022.  *Doc. 246* at 2.  On June 1,

2022, Defendant Abrams submitted an Errata Sheet which contained seventeen

deposition corrections including that Defendant Abrams was not in compliance with

the hours-of-service rules and regulations on December 16, 2020, the date of the subject

accident.[5]  *See doc. 213-8* at 3.

Out of the numerous status conferences the Court held at the request of the

parties to discuss discovery issues, two are relevant here.  First, on July 27, 2023, the

Court held a status conference to discuss an issue related to a second deposition of

Defendant Abrams.  *Doc. 195*.  At this conference, the Court found it appropriate for

Defendants Hallmark County Mutual Insurance Company and Easy Money Trucking,

LLC to depose Defendant Abrams without any limitations on the scope of the

deposition.  *Id*. at 2.  Additionally, the Court stated, "If [Defendant] Abrams's testimony

is materially different from the testimony upon which Plaintiff's experts have relied,

Plaintiff will be allowed to file supplemental expert reports, and other parties will be

permitted commensurate supplementation to their expert reports."  *Id*. at 2-3.  The

second deposition of Defendant Abrams took place on August 4, 2023.  *Doc. 221-2*.

---

[5] The parties did not attach the Errata Sheet to any of the filings for the instant motion, but Plaintiff attached it to her Motion for Partial Summary Judgment on the Issues of Defendants' Violations of the FMCSR, the Casual Impact Those Violations Had on This Fatal Crash, and Her Entitlement to Punitive Damages.  *Doc. 213*.  The Court cites to the Motion for Partial Summary Judgment solely to reference the date the Errata Sheet was sent to Plaintiff and the contents of the Errata Sheet relevant to this discovery dispute.

Second, on September 5, 2023, the Court held another status conference where it denied Plaintiff's request to take an additional deposition of a representative for Defendant Rowdy.  *Doc. 207* at 2.   However, the Court ordered Defendant Rowdy to supplement Defendant Abrams's Driver Qualification File and Driver Employment File, or in the alternative, provide Plaintiff with affirmative representation that there is no other documentation that would provide information regarding any training or discipline of Defendant Abrams.  *Id*.  At this status conference, the Court expressed no opinion about any extension of expert disclosures or dispositive motion deadlines.  *Id*. at 3.

On September 12, 2023, Defendant Rowdy produced updated documents in Defendant Abrams's personnel file and confirmed that all other documents regarding Defendant Abrams's employment file had been previously produced.  *Doc. 221* at 3-4. The production of documents produced on September 12, 2023, included: (1) Defendant Abrams's August 5, 2021, Medical Card; (2) MVR driving records check dated July 21, 2023; (3) MVR driving records check dated August 2, 2022; (4) MVR Motor Vehicle Driver Report dated August 5, 2021; (5) MVD Certification of Violations dated September 3, 2021; (6) Random Drug Test dated June 8, 2022; (7) Random Drug Test dated July 7, 2022; and (8) Random Drug Test dated November 4, 2022.  *Id*. at 4.

On September 13, 2023, Plaintiff submitted her Supplemental Expert Report of McGee ("Supplemental Report").  *See docs. 210, 221-5*.  On September 19, 2023, Rowdy

Defendants filed the instant Motion alleging that the Supplemental Report was untimely under Federal Rule of Civil Procedure 26 and contrary to the Court's Second Scheduling Order, *doc. 221*.  The Motion was fully briefed on October 19, 2023.  *Doc. 259*.

### B. Dennis McGee's Expert Reports

On March 1, 2023, Plaintiff designated Dennis McGee as one of her expert witnesses and disclosed his Initial Report.  *See docs. 138, 221-1*.  In the Initial Report, McGee formed various opinions about the subject December 16, 2020, accident.  *See generally doc. 221-1*.  McGee opined that Defendant Abrams falsified his hours-of-service logs in December 2020 because he made entries showing that he was off duty and in the sleeper berth when he was actually on duty and driving.  *Id*. at 3.  Additionally, McGee formed various opinions about Rowdy Defendants concerning the following: Defendant Rowdy's failure to instruct Defendant Abrams regarding compliance with the Federal Motor Carrier Safety Regulations ("FMCSRs"), Defendant Rowdy's failure to ensure Defendant Abrams's application for employment met the requirements of the FMCSRs, Defendant Rowdy's acceptance of Defendant Abrams's record of duty status reports which contained false entries concealing his excess hours-of-service, and Defendant Rowdy's failure to verify Defendant Abrams's duty status report entries for accuracy. *Id*.  Rowdy Defendants deposed McGee concerning his expert opinions as disclosed in the Initial Report on August 10, 2023.  *Doc. 221-3*; *doc. 221* at 3.

Six months later, on September 14, 2023, 30 days after the close of discovery, Plaintiff produced McGee's Supplemental Report.  *Docs. 210, 221-5.*  In it, McGee noted that Defendant Rowdy did not provide any documentation that it instructed or trained Defendant Abrams on "properly completing driver's daily logs" given that Defendant Abrams made "numerous false entries, conceal[ed] excess driving hours, and dr[ove] over hours."  *Doc. 221-5* at 3.  Additionally, McGee opined that the lack of documentation revealed that Defendant Rowdy did not follow its own policies of safe operation and FMCSR compliance.  *Id*.  McGee stated that he was submitting the Supplemental Report upon "receiving and reviewing the recent documents afforded to me in this case."  *Id*. at 1.  McGee reviewed the following as the basis for his Supplemental Report: (1) Federal Motor Carrier Safety Regulations & Guidance; (2) the August 2023 deposition of Defendant Abrams; (3) Certification of Violations/Annual Review of Driving Record; (4) Defendant Rowdy's fourth supplemental responses to Plaintiff's request for documents[6]; (5) Defendant Abrams's MVRs; (6) Defendant Abrams's drug testing; and (7) Medical Examiner's certificate.  *Id*. at 4.

---

[6] Here, Rowdy provided the updated information in Defendant Abrams's Driver Qualification File and confirmed that all other documents regarding Defendant Abrams's employment file had been previously produced.  *See doc. 221-4.*

## II.   LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 26(a) requires parties to disclose, *inter alia*, their experts' opinions and the facts and data that their experts considered in forming these opinions by the deadline that the Court sets for doing so.  *See* Fed. R. Civ. P. 26(a)(2)(B), (D).  Rule 26(e)(1) requires that an expert supplement their report and disclosures when the party or expert learns that the information previously disclosed was incomplete or incorrect in some material respect and if the additional or corrected information has not otherwise been disclosed to the parties during the discovery process.  *Id*. 26(e)(1)(A). The Court may also order parties to supplement or correct a Rule 26(a) disclosure or response.  *Id*. 26(e)(1)(B).

### B.  Federal Rule of Civil Procedure 37

The Court must address a violation of Federal Rule of Civil Procedure Rule 26(a) pursuant to Federal Rule of Civil Procedure Rule 37(c).  If a party fails to disclose information by the expert disclosure deadline set by the Court, Rule 37(c) bars that party from "us[ing] that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."  Fed. R. Civ. P. 37(c)(1).

### III.   ANALYSIS

Rowdy Defendants move to strike Dennis McGee's Supplemental Report in its entirety "as untimely and contrary to the Court's Scheduling Order." *Doc. 221* at 1. Rowdy Defendants assert that the Supplemental Report is a new expert report based on the same documents and information that McGee had at the time he authored his Initial Report which was submitted by Plaintiff on March 1, 2023 – Plaintiff's expert report deadline. *Id*. at 8.  Specifically, Rowdy Defendants contend that McGee's Supplemental Report does not concern the additional records produced by Defendant Rowdy on September 12, 2023, because none of the documents produced involved the December 16, 2020, accident, Defendant Abrams's driving logs around the date of the accident, or the hiring or training of Defendant Abrams.  *Id*. at 5.  Rowdy Defendants also contend that McGee's new opinions regarding the post-accident employment relationship between Defendant Rowdy and Defendant Abrams are not based on new facts because Defendant Abrams employment status has not changed since the date of the accident, the date Plaintiff filed her Complaint, or the date of Defendant Abrams's first deposition.  *Id*.  Additionally, Rowdy Defendants contend that the Supplemental Report has prejudiced them because it was provided to Rowdy Defendants more than six months after Plaintiff's expert witness disclosure deadline, nearly a month after the discovery termination date, after McGee's deposition, and two days before the dispositive motion deadline.  *Id*. at 8-9.

Plaintiff contends that the Court should not strike the Supplemental Report because Defendant Rowdy's September 12, 2023, production contained updated documents in Defendant Abrams's personnel file which further developed the facts of the case. *Doc. 241* ¶¶ 9-10, 26. Specifically, Plaintiff contends that the lack of documents indicating that Defendant Rowdy took any disciplinary action against Defendant Abrams after learning he violated the hours-of-service rules and falsified his hours-of-service logs "confirmed" that Defendant Rowdy had taken "no action to discipline, remediate, retrain, or terminate" Defendant Abrams for these violations. *See id*. ¶¶ 9-11. Plaintiff argues that this lack of disciplinary documentation further developed the facts of the case and warrants a circumstance under which the Court should allow the Supplemental Report. *Id*. ¶ 26.

### A. Rule 26(a) violation

Before considering whether the Supplemental Report should be stricken, the Court must first determine whether there was a Rule 26(a) violation. As set forth above, Rule 26(a) requires that an expert report contain "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B). Thus, a Rule 26(a) violation occurs upon the filing of a supplemental report if that report is outside the scope of supplementation permitted under Rule 26(e) – for example, if it is simply responding to or rebutting claims made in the opposing party's expert reports,

*Galaxy Ventures, LLC v. Rosenblum*, 2005 WL 5988690, at *4 (D.N.M. July 21, 2005), or if it

includes information which could have been included in the original export report but

was not, *Vulcan Materials Co. v. Atofina Chem. Inc.*, 2004 WL 5628830, at *2 (D. Kan. Feb.

13, 2004).

Permissible supplementation under Rule 26(e) includes "correcting inaccuracies,

or filling the interstices of an incomplete report based on information that was not

available at the time of the initial disclosure." *Martinez v. Cont'l Tire the Americas*, LLC,

2020 WL 4719068, at *1 (D.N.M. Aug. 13, 2020) (quoting *Cook v. Rockwell Int'l Corp.*, 580

F.Supp. 2d 1071, 1169 (D. Colo. 2006)); *see also Beller v. United States*, 221 F.R.D. 689, 694-

95 (D.N.M. 2003) (observing that new information that was previously unavailable to a

party may form a proper basis for the supplementation of an expert report).  However,

Rule 26(e) is "not intended to provide an extension of the expert designation and report

production deadline" and may not be used for that purpose. *Lay v. Wal-Mart Stores E.,*

*L.P.*, 2020 WL 6709541, at *2 (D.N.M. Nov. 16, 2020) (quoting *Metro Ford Truck Sales, Inc.*

*v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998).  The duty to supplement does not

give license to sandbag one's opponent with claims and issues which should have been

included in the expert witness' report, and does not allow a party to file supplements

intended to "deepen" or "strengthen" its own expert's prior Rule 26(a)(2)(B) report.

*Leviton Mfg. Co., Inc. v. Nicor, Inc.*, 245 F.R.D. 524, 528 (D.N.M. 2007) (citing *Beller*, 221

F.R.D. at 701).  In the context of experts specifically, supplementation is not allowed

"when the party's motive is to wholly rework [a] damages claim or change the substance of their contentions." *Thomson v. Nat'l R.R. Passenger Corp.*, 2019 WL 6717255 at *4 (D.N.M. Dec. 10, 2019).

Rule 26(a)(2)'s requirements are "mandatory and self-executing." *Kern River Gas Transmission Co. v. 6.17 Acres of Land, More or Less, in Salt Lake Cnty., Utah*, 156 F. App'x 96, 102 (10th Cir. 2005). There is good reason for courts to require adherence to the rule:

> To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could "supplement" existing reports and modify opinions previously given. This practice would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines, because new reports and opinions would warrant further consultation with one's own expert and virtually require new rounds of depositions. That process would hinder rather than facilitate settlement and the final deposition of the case.

*Beller*, 221 F.R.D. 689, 695

Upon review of the Initial and Supplemental Reports, the Court finds that the opinions and conclusions in the Supplemental Report are improper supplements to the Initial Report because the Supplemental Report is not based on new information. *See Beller*, 221 F.R.D. at 694-95 ("This is not a situation where, subsequent to preparation of the original report, new information was discovered which required that the original report be supplemented because the original opinion was no longer correct."). McGee's proffered Supplemental Report is not an attempt to correct inaccuracies to the Initial Report or to complete it based on information that was not available to him at the time

12

he prepared the Initial Report.  Rather, the Supplemental Report offers new and expanded opinions and discussion based on information, or the lack of information, that was available to Plaintiff and McGee at the time of McGee's Initial Report.  Such "supplementation" is not permitted under the Federal Rules.

The new opinions in McGee's Supplemental Report could have been promulgated at the time of his Initial Report.  *See Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, 2009 WL 3672373, at *8 (D.N.M. Sept. 24, 2009) (prohibiting supplementation where the expert had all the tools necessary to form the supplemental opinion when he wrote his initial report).  Plaintiff argues that McGee's Supplemental Report could not have issued until the September 12, 2023, document production which "confirmed" Defendant Rowdy still employs Defendant Abrams and failed to take disciplinary action after finding out he violated hours-of-service rules and falsified his logs.  *Doc. 241* ¶¶ 9-10, 18.  At all times in this case, Defendant Abrams has continued to be employed by Defendant Rowdy.  *Doc. 221* at 5.  Plaintiff does not dispute this fact.  *See generally doc. 241.*  Defendant Rowdy's September 12, 2023, document production lacked any indication that it ever disciplined, remediated, retrained, or terminated Defendant Abrams for his noncompliance with the hours-of-service rules and regulations in 2020. *See id.* ¶ 10.  Plaintiff wishes to persuade the Court that this final confirmation of the lack of discipline or training in response to Defendant Abrams behavior in 2020 is new information.  The Court disagrees.  Simply put, the continued absence of discipline or

further training is not new information.  The lack of evidence that Defendant Rowdy ever disciplined, remediated, retrained, or terminated Defendant Abrams for the hours-of-service violations has not changed since McGee authored his Initial Report in February of 2023.  Thus, this evidence supporting a lack of discipline or training was available to Plaintiff before McGee authored his Initial Report.

Plaintiff resists this straight-forward conclusion by pointing to Defendant Abrams's August 2023 deposition and the September supplementation of his employment file from Defendant Rowdy.  First, Plaintiff argues that she did not know that Defendant "Rowdy was aware of Defendant Abrams falsifications and rule violations and did nothing" until Defendant Abrams's August 4, 2023, deposition.  *See doc. 241* ¶ 22.  However, this late deposition simply reiterated what Plaintiff should have previously understood – that Defendant Abrams was still employed by Defendant Rowdy.  It certainly does not appear that any of Defendant Abrams's August testimony was *materially different* than the testimony upon which Plaintiff's expert had relied on before the August 4, 2023, deposition.  *See doc. 195* at 2-3.  Next, Plaintiff argues that Defendant Rowdy should have disclosed the information they produced on September 12, 2023, "voluntarily long before, which would have armed the Plaintiff and her experts with this important information long before they prepared their initial reports." *Doc. 241* ¶ 12.  Of course, the Rowdy Defendants had an obligation to supplement earlier disclosures.  However, as relevant to this issue, the Rowdy Defendants had

14

nothing to supplement.  While there were a few additional documents in Defendant Abrams's employment file which required supplemental disclosure, none related to training or discipline.  By Plaintiff's logic, Defendant Rowdy should have been "supplementing" the disclosure of the employment file repeatedly with the statement that "No discipline or training has been directed at Defendant Abrams at this time." The law does not require such supplementation of the absence of a fact.

The circumstances and the conclusion would likely be different if Defendant Rowdy had affirmatively indicated or strongly implied that Defendant Abrams was going to be fired or disciplined or subject to further training due to his apparent hours-of-service violations.  In such a circumstance, the Defendant Rowdy may have had an affirmative obligation to disavow their earlier contrary representation.  Notably though, Plaintiff points to no disclosures or testimony by Defendant Rowdy which would support Plaintiff's assumption that Defendant Abrams would be fired, disciplined, or further trained.[7]

Instead of assuming that Defendant Rowdy would impose some consequences on Defendant Abrams, Plaintiff had a simple tool available to her – discovery request(s) targeted at that question.  Assuming that Plaintiff considered the lack of consequences

---

[7] Plaintiff has pointed out that, in the Rule 30(b)(6) deposition of Defendant Rowdy, the representative indicated that they were unaware of Abrams's hours-of-service violations.  Whereas Plaintiff may have assumed that, now that they were aware, consequences would follow.  However, this assumption was not based on any statement by the Rowdy Defendants.

for Defendant Abrams important to their expert's potential opinion, diligence required that they propound discovery requests directed at that question, but she failed to do so. *See Spirit Aerosystems v. SPS Tech.*, 2013 WL 6196314, *7-8 (D. Kan. Nov. 27, 2013) ("[A] lack of diligence in pursuing information that could have been available at the time of the original report does not mean the same as information that was not available."). Again, at all times in this case, Defendant Abrams has continued to be employed by Defendant Rowdy. *Doc. 221* at 5. At the latest, Plaintiff discovered Defendant Abrams's noncompliance with the hours-of-service rules and regulations on June 1, 2022, when Defendant Abrams submitted an Errata Sheet admitting that on December 16, 2020, he was not in compliance with the hours-of-service rules and regulations. *See doc. 213-8* at 3. Consequently, Plaintiff had almost nine months of discovery to directly ask about any consequences imposed on Defendant Abrams.

In conclusion, the Supplemental Report violates Rule 26. The new opinions in McGee's Supplemental Report could have been promulgated at the time of his Initial Report. The discovery in August and September 2023 merely reiterated the lack of consequences for Defendant Abrams and, thus, did not constitute "new" evidence. Further, Plaintiff lacked diligence in asking the Rowdy Defendants directly about any consequences. Because the Supplemental Report offers new and expanded opinions and discussion based on information that was available at the time of McGee's Initial Report, such supplementation is impermissible.

### B.  Appropriate Sanctions

Having concluded that the Supplemental Report violates Rule 26, the Court must

determine the appropriate sanction for these violations, if any.  As set forth above, Rule

37(c)(1) provides that if a party fails to provide information or identify a witness as

required by Rule 26(a) or Rule 26(e), "the party is not allowed to use that information or

witness to supply evidence on a motion, at hearing, at a trial, unless the failure was

substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).   The determination of

whether a Rule 26(a) violation is "substantially justified" or "harmless" is entrusted to

the broad discretion of the district court.  *Woodworker's Supply, Inc. v. Principal Mut. Life*

*Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

The district court is not required to make explicit findings concerning substantial

justification or the harmlessness of a failure to disclose.  *Jacobsen v. Deseret Book Co.*, 287

F.3d 936, 953 (10th Cir. 2002).  Nevertheless, the Tenth Circuit has held the following

factors should guide the district court's discretion in determining whether to allow a

party to use information or a witness to supply evidence at trial: "(1) the prejudice or

surprise to the party against whom the testimony is offered; (2) the ability of the party

to cure the prejudice; (3) the extent to which introducing such testimony would disrupt

the trial; and (4) the moving party's bad faith or willfulness."  *Woodworker's Supply*, 170

F.3d at 993.  While the Court does not attribute the Supplemental Report to any bad

faith or willfulness on the part of Plaintiff or McGee, the other three factors noted in

*Woodworker's Supply* nevertheless compel the Court to grant the instant Motion.

### i. Prejudice

Rowdy Defendants would be prejudiced by permitting inclusion of the

Supplemental Report.  The Supplemental Report includes opinions which would

support liability and damages on a materially new theory.  The Rowdy Defendants

have already deposed McGee based on the substance of his Initial Report and cannot

now depose him with regard to the new opinions contained in the Supplemental

Report, as discovery is closed.  *Doc. 221* at 9.  Moreover, the Supplemental Report was

provided to Rowdy Defendants two days before the dispositive motion deadline which

severely prejudices their ability to address this new theory in such a motion.  *Id*. at 8-9.

For her part, Plaintiff contends that the Supplemental Report has not prejudiced

Rowdy Defendants because the Court ordered Rowdy Defendants to supplement their

document production, resulting in a further development of the facts.  *Doc. 241* ¶ 26.

Plaintiff misconstrues the Court's direction.  Plaintiff contends that the Court has

specifically permitted Plaintiff to supplement her experts' opinions under certain

circumstances.  *Id*. ¶ 26.  Plaintiff argues that the September 12, 2023, document

production is such a circumstance.  *See id*.  The only instance in which the Court gave

Plaintiff permission to supplement her expert report is if Defendant Abrams's

testimony at his second deposition was materially different from the testimony upon

18

which Plaintiff's experts had relied. *Doc. 195* at 2-3. When the Court ordered

Defendant Rowdy to supplement Defendant Abrams's Driver Qualification File and

Driver Employment File on September 5, 2023, the Court expressed no opinion about

any extension of expert disclosures or dispositive motion deadlines. *Doc. 207* at 3. For

the reasons stated above, the Court does not consider the lack of disciplinary

documentation in the September 12, 2023, document production to be new information

warranting the Court's approval for the Supplemental Report.

Accordingly, the first factor weighs heavily in favor of finding the Supplemental

Report not substantially justified or harmless, and in favor of striking the Supplemental

Report. *See Galaxy Ventures*, 2005 WL 5988690, at *5 (finding prejudice where

supplemental report with new material was disclosed after expert deadlines had passed

and depositions of the expert had already been taken); *see also Curtis v. Lever Up Inc.*,

2021 WL 5498301, at *8 (D. Colo. Nov. 24, 2021) (citing *Williams v. Vail Resorts Dev. Co.*,

2003 WL 25768659, at *4 (D. Wyo. Nov. 3, 2003)).

### ii. *Ability to Cure and Trial Disruption*

Rowdy Defendants argue that the proper remedy for the untimely Supplemental

Report is to strike it. *Doc. 221* at 7-8. Plaintiff provides the Court with no other

alternative method to cure the prejudice to Rowdy Defendants. *See generally doc. 241.*

To the Court's mind, the only potentially adequate cure, outside of striking the

Supplemental Report, would be to upend a number of lapsed deadlines to permit

additional expert discovery.  At a minimum, this approach would require allowing Rowdy Defendants to depose McGee a second time.  It would also likely require permitting Rowdy Defendants to promulgate responsive expert disclosures.  Further, the Court may be required to allow a second round of dispositive motion practice.  In any case with so many previous extensions and discovery disputes, the Court would be loath to take this approach especially given Plaintiff's lack of diligence described above. *See Rodgers v. Beechcraft Corp.*, 2016 WL 7888048, at *3 (N.D. Okla. Sept. 20, 2016) (disallowing new expert opinions because, "[i]t would require re-opening all of the matters described. . . to afford Defendants an opportunity to consider and respond to the information in the Declarations" and "would result in substantial cost and delay to the Defendants and would derail the efficient resolution" of the case).  Even ignoring the looming trial date, the Court would reject this approach.  *See Faure v. LAS Cruces Med. Ctr., LLC*, 2017 WL 3775682, at *4 (D.N.M. Aug. 29, 2017) (finding that untimely testimony disrupted trial, even when trial was not set, because of disruption in case management due to parties' extensive motion practice); *see also Munoz v. FCA US LLC*, 2020 WL 7318076, at *8 (D.N.M. Dec. 11, 2020) (quoting *Sender v. Mann*, 225 F.R.D. 645, 657 (D. Colo. Dec. 14, 2004)) (finding that sanctions are not appropriate simply because trial can always be delayed would "effectively reward [plaintiff's] non-compliance" with Rule 26 and this Court's Orders").  But, of course, the parties do have a trial setting of January 8, 2024.  *See doc. 106*.  That setting simply emphasizes the lack of any

meaningful ability to cure and supports the argument that the trial would be disrupted by permitting this new theory to be presented.

Accordingly, the second and third factors weigh heavily in favor of finding the Supplemental Report not substantially justified or harmless, and in favor of striking the Supplemental Report.

### iii.  Factors in Aggregate

Even without evidence of willfulness or bad faith, the *Woodworker's Supply* factors lead the Court to conclude that Plaintiff's Rule 26 violation was neither substantially justified nor harmless. Consequently, the appropriate remedy is the striking of the Supplemental Report.

## II.   CONCLUSION

For the foregoing reasons, Rowdy Defendants' Motion to Strike Supplemental Expert Report of Dennis McGee *(doc. 221)* is GRANTED.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE